UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMEAL WHITE,
    Plaintiff,

vs.

R. ERDOS, *et al.*,
    Defendants.

Case No. 1:19-cv-470
Barrett, J.
Litkovitz, M.J.

**REPORT
AND RECOMMENDATION**

Plaintiff Jermeal White, an inmate at the Southern Ohio Correctional Facility ("SOCF"), filed this pro se prisoner civil rights action under 42 U.S.C. § 1983 alleging that on April 26, 2019, defendant Correction Lieutenant David Dunlap used excessive force against him in violation of his Eighth Amendment rights. (Doc. 1).[1] This matter is before the Court on plaintiff's motion for summary judgment (Doc. 23), defendant's response in opposition (Doc. 32), defendant's motion for summary judgment (Doc. 34), plaintiff's response in opposition (Doc. 37), and defendant's reply memorandum (Doc. 38).

Defendant moves the Court for leave to supplement the unsigned declarations in support of the motion for summary judgment. (Doc. 36). Plaintiff makes no opposition to this request. For good cause shown, defendant's motion is **GRANTED**.

**A. Summary judgment standard**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and

---

[1] Plaintiff's claims against all other defendants have been dismissed. (Docs. 6, 8).

admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Id.*; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "[f]acts that are not blatantly contradicted by [the evidence] remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House*, *Tenn*., 634 F.3d 865, 870 (6th Cir. 2011). "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v.*

*Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

A fact is "material" if its resolution will affect the outcome of the lawsuit. *Beans v. City of Massillon*, No. 5:15-cv-1475, 2016 WL 7492503, at *5 (N.D. Ohio Dec. 30, 2016), *aff'd,* No. 17-3088, 2017 WL 3726755 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 248). The party who seeks summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322. To make its determination, the court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp. 2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)).

**B. Facts**

In support of the motion for summary judgment, defendant has submitted his declaration and the declarations of corrections officers Walter Miller, Christopher Combs, Justin Lute, Jason

3

Azbell, Major Garry Galloway, and Deputy Warden Cynthia Davis. (Doc. 34, Exhs. D, E, F, G, H, I).[2] Defendant has also submitted video recordings that capture the entire use of force incident. (*Id.*, Exh. A, SOCF video).

This lawsuit arises out of an incident that occurred at SOCF on April 26, 2019. Defendant's evidence shows that on that date, he was notified that plaintiff was masturbating on a corrections officer. (Doc. 34, Exh. C. Dunlap Decl., ¶ 3). In response, defendant arrived at plaintiff's cell and ordered plaintiff to "cuff up." (*Id.*). Plaintiff complied "after several direct orders." (*Id.*). Defendant escorted plaintiff to the segregation (J2) unit. (*Id.*).

As defendant was escorting plaintiff to the segregation unit, plaintiff turned toward defendant, used obscene and aggressive language, and said that he was not going to the segregation unit. (Doc. 34, Exh. A, SOCF C CORR E-W 07-44:05; Exh. C. Dunlap Decl., ¶ 4; Exh. D, Miller Decl., ¶ 5; Exh. E, Combs Decl., ¶ 3; Exh. F, Lute Decl., ¶ 3; Exh. G, Azbell Decl., ¶ 3). Defendant forced plaintiff against the wall to gain better control over plaintiff. (*Id.*; Exh. A, SOCF C CORR E-W 07-44:08; Exh. C. Dunlap Decl., ¶ 4; Exh. E, Combs Decl., ¶ 4; Exh. F, Lute Decl., ¶ 4; Exh. G, Azbell Decl., ¶ 4). Defendant escorted plaintiff down the hall to the segregation unit using a procedural escort technique. (*Id.*; Exh. A, SOCF C CORR E-W 07-44:10, SOCF CC3 07-44:18, SOCF J BLOCK SALLYPORT 07-44-23; Exh. C. Dunlap Decl., ¶ 5; Exh. D, Miller Decl., ¶ 6; Exh. E, Combs Decl., ¶ 5; Exh. F, Lute Decl., ¶ 5; Exh. G, Azbell Decl., ¶ 5).

---

[2] Plaintiff and defendant also rely on documents from the Use of Force Investigation. (Doc. 34, Exh. 2; Doc 37, Exh. A-1). The statements by plaintiff, defendant and other employees that are part of the administrative record, including the Use of Force Statement, and which have been offered as evidence on summary judgment are not sworn statements. The Court therefore has not considered the parties' statements in determining whether there is a genuine factual dispute in this case and has referred to those statements only where necessary to fill in gaps in the evidence.

Once they arrived in the segregation unit, defendant pushed plaintiff into the J2 strip cage where plaintiff refused defendant's orders to face the wall. (*Id.*; Exh. A, SOCF J2 S BULLPEN 07-44:44; Exh. C. Dunlap Decl., ¶ 6; Exh. E, Combs Decl., ¶ 6). Defendant ordered plaintiff to turn around and face the wall. (*Id.*; Exh. A, SOCF J2 S BULLPEN 07-44:49; Exh. C. Dunlap Decl., ¶ 6; Exh. E, Combs Decl., ¶ 6). Plaintiff eventually complied with defendant's orders. (*Id.*; Exh. A, SOCF J2 S BULLPEN 07-44:53; Exh. C. Dunlap Decl., ¶ 6).

Plaintiff relies on the following allegations in his "verified" complaint in support of his motion for summary judgment:

> [O]n 4-26-19 when Mr. LT. David Dunlap used excessive force on me for no reason at all. In the hall, he bent my wrist so hard popping It (sic) out of place when he threw me on the hallway wall, then he power walked me to confinement unit still with my hand bent up for no reason. Then he threw me inside the cage So (sic) hard head frist (sic) that I had a knot on my head. When medical came I told the nurse my situation, and my wrist may be poped (sic) out of place and It (sic) was. The nurse refused me medical attention[.]

(Doc. 1, at PAGEID 3-4).

Plaintiff states that the allegations in his "verified" complaint are true, "except as to the matters alleged on information and belief, and, as to those I believe them to be true." (*Id.*, at PAGEID 7). However, plaintiff's "verified" complaint does not distinguish between the statements he considers to be based on information and belief and those based on firsthand knowledge. (*Id.*). Therefore, plaintiff's verification statement does not comport with the requirement on summary judgment that a supporting affidavit or declaration be "made on personal knowledge." Fed. R. Civ. P. 56(c)(4). *See also Cobell v. Norton*, 310 F. Supp. 2d 77, 84-85 (D.D.C. 2004) (declining to consider as evidence on summary judgment a certification "based on nothing more than 'knowledge, information, and belief.'"). Thus, plaintiff's "verified" complaint does not constitute evidence showing there is a genuine issue of material

5

fact for trial. *See Maston*, 832 F. Supp. 2d at 851-52 (holding that a pro se party cannot rely on allegations or denials in unsworn filings when opposing a motion for summary judgment).[3]

### C. The Eighth Amendment

Plaintiff's Eighth Amendment claims are brought under 42 U.S.C. § 1983, which prohibits any person "under color of any statute, ordinance, regulation, custom, or usage, of any State" from depriving a United States citizen "of any rights, privileges or immunities secured by the constitution and laws." To prevail on a § 1983 claim, a plaintiff must demonstrate "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

A convicted prisoner's right to be free from the use of excessive force by a prison official is governed by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). An Eighth Amendment claim has both a subjective and an objective component. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citing *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). The "core judicial inquiry" on the subjective component is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Excessive force claims must focus "on the nature of the force rather than the extent of the injury. . . ." *Id*. In making this inquiry, the Court must consider the need for the use of force; the relationship between that need and the type and amount of the force used; the threat reasonably perceived by the responsible official; and the extent of the injury inflicted. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 320-321. "While the extent of a prisoner's injury may help determine the

---

[3] The Court need not address this issue further because the record shows there is no genuine dispute that defendant did not violate plaintiff's Eighth Amendment rights, and defendant is therefore entitled to summary judgment.

6

amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 580-81 (citing *Wilkins*, 559 U.S. at 37). "When prison officials maliciously and sadistically use force to cause harm . . . contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Wilkins,* 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 9). The absence of a serious injury is nonetheless relevant as a factor that suggests whether the use of force may "plausibly have been thought necessary" in a given situation. *Id*. (quoting *Hudson,* 503 U.S. at 7). Corrections officers do not violate a prisoner's Eighth Amendment rights when they use force "in a good-faith effort to maintain or restore discipline." *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (quoting *Jennings v. Mitchell,* 93 F. App'x 723, 725 (6th Cir. 2004)).

The objective component requires the "pain inflicted to be 'sufficiently serious.'" *Cordell*, 759 F.3d at 580 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). Analysis of this element of an Eighth Amendment claim "requires a contextual investigation, one that is responsive to contemporary standards of decency." *Id.* (citations and internal quotations omitted).

### D.  Plaintiff's Eighth Amendment claim against defendant

Plaintiff has not produced evidence to show there is a genuine factual dispute as to whether defendant violated plaintiff's Eighth Amendment rights. The undisputed evidence shows that the uses of force by defendant occurred in response to plaintiff's failure to obey direct orders of the corrections officer. The video recordings demonstrate that while defendant was escorting plaintiff to the segregation unit, plaintiff turned toward defendant, requiring defendant

7

to force plaintiff against the wall to gain better control over plaintiff. (Doc. 34, Exh. A, SOCF video). The declarations from defendant and the other corrections officers further establish that plaintiff used aggressive language, created a disturbance, and physically resisted defendant while plaintiff was being escorted to the segregation unit. (*Id*.; Exh. C. Dunlap Decl., ¶ 4; Exh. D, Miller Decl., ¶ 5; Exh. E, Combs Decl., ¶ 3; Exh. F, Lute Decl., ¶ 3; Exh. G, Azbell Decl., ¶ 3). While plaintiff contends in his "verified" complaint that defendant used excessive force "for no reason," his conclusory assertion is clearly refuted by the video evidence and declarations such that no reasonable jury could believe it. *Scott*, 550 U.S. at 380. Instead, the evidence shows that defendant used a procedural escort technique to escort plaintiff down the hall to the segregation unit to gain control over plaintiff's "aggressive behavior" after he stated he "was not going to J2." (*Id*.; Exh. C. Dunlap Decl., ¶¶ 4, 5).

Plaintiff alleges that defendant threw plaintiff into the segregation cell which caused a knot to develop on his head. The video evidence and declarations clearly show that when defendant pushed plaintiff into the cell, plaintiff *immediately* turned back around and disobeyed defendant's orders. Defendant placed plaintiff against the wall so that defendant could extract himself from the cell. Plaintiff has not introduced any evidence to counter the video and declarations showing that defendant's use of force was reasonable.

Further, the video evidence and declarations demonstrate that prior to being placed in the segregation cell, plaintiff was yelling obscene language, acting aggressively, and resisting defendant while being transported. In considering plaintiff's disruptive course of conduct, taken together with the lack of *any* injury to plaintiff, defendant's conduct was reasonably "applied in a good faith effort to maintain or restore disciple," and not to "maliciously or sadistically cause harm." *Whitley*, 475 U.S. at 319. *See Williams v. Bowman*, 981 F.2d 901, 905 (6th Cir. 1992)

8

(holding, "in the prison context, good faith use of physical force may be necessary to maintain prison security and discipline[.]"). There is no genuine dispute of fact that the force used by defendant was reasonable.

Further, plaintiff did not report to medical staff that his wrist had been injured, which is inconsistent with his excessive force claim. (Doc. 34, Exh. B at p. 12-14). And no injuries consistent with plaintiff's claim that his hand was bent, and a knot formed on his head, are noted in the medical report. (*Id*.). Plaintiff alleges in his response to the motion for summary judgment that the medical report was fabricated, but he has offered no evidence whatsoever to support this conclusory allegation. Although the filings of a pro se litigant are to be liberally construed, plaintiff still has a duty to support his factual assertions on summary judgment with admissible evidence. *See Matson*, 832 F. Supp. 2d at 849 (citing *Viergutz*, 375 F. App'x at 485). Here, plaintiff has not presented evidence demonstrating that he was refused medical attention, nor has he presented evidence to dispute defendant's evidence to the contrary.

Plaintiff's refusal to cooperate, together with the lack of injury to plaintiff, leads the Court to conclude that defendant's use of force did not rise to the level sufficient to sustain his § 1983 Eighth Amendment claim for excessive use of force. *See Lockett v. Suardini, et al.*, 526 F.3d 866, 876 (6th Cir. 2008). Plaintiff has not introduced any evidence that refutes the facts set forth in the declarations of defendant and the other corrections officers, which are supported by the video recordings. Plaintiff disputes the veracity of defendant's declaration and the declarations of the corrections officers who witnessed the incident. However, plaintiff has not offered evidence that contradicts their factual assertions sufficient to create a genuine dispute as to whether defendant's use of force was constitutional. Plaintiff offers only speculative and unsupported assertions as to what occurred.

Accordingly, because plaintiff has failed to establish a genuine issue of fact as to whether defendant used excessive force during the April 26, 2019 incident, summary judgment should be granted in favor of defendant on plaintiff's Eighth Amendment excessive force claim.

### E. Conclusion

Plaintiff has not introduced affidavits or other evidence to create a genuine dispute as to any material fact. The undisputed evidence does not show that defendant violated plaintiff's Eighth Amendment rights. Defendant is therefore entitled to summary judgment on plaintiff's claim against him. Summary judgment should be granted in defendant's favor.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for summary judgment (Doc. 23) be **DENIED**.

2. Defendant's motion for summary judgment (Doc. 34) be **GRANTED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 12/8/2020

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMEAL WHITE,                             Case No. 1:19-cv-470
       Plaintiff,                                Barrett, J.
                                             Litkovitz, M.J.
      vs.

R. ERDOS, *et al*.,
       Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).