**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jermeal White,

       Plaintiff,                       Case No. 1:19-cv-470

       v.                                 Judge Michael R. Barrett

R. Erdos, *et al.*,

       Defendants.

**ORDER**

This matter is before the Court on the Report and Recommendation (R&R) issued by the Magistrate Judge on December 9, 2020. (Doc. 39).

The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Plaintiff has filed timely objections (Doc. 40), to which Defendant has responded (Doc. 41).

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge. With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1). The Court has engaged in a de novo review, which is set forth below.

## II. ANALYSIS

In this civil rights action alleging excessive force in violation of the Eighth Amendment, and as to the parties' cross-motions for summary judgment, the Magistrate Judge recommends that Plaintiff Jermeal White's motion (Doc. 23) be denied and Defendant Corrections Lieutenant

1

David Dunlap's motion (Doc. 34) be granted.

The Magistrate Judge explains that Plaintiff's motion for summary judgment is supported only by the allegations contained in Plaintiff's "verified" complaint:

> [O]n 4-26-19 when Mr. LT. David Dunlap used excessive force on me for no reason at all. In the hall, he bent my wrist so hard popping It (sic) out of place when he threw me on the hallway wall, then he power walked me to confinement unit still with my hand bent up for no reason. Then he threw me inside the cage So (sic) hard head frist (sic) that I had a knot on my head. When medical came I told the nurse my situation, and my wrist may be poped (sic) out of place and It (sic) was. The nurse refused me medical attention[.]

(Doc. 39 at PageID 249 (quoting Doc. 1 at PageID 3–4)). Plaintiff states that the allegations in his "verified" complaint are true, "except as to the matters alleged on information and belief, and, as to those I believe them to be true." (*Id.* (quoting Doc. 1 at PageID 7)). But because Plaintiff's "verified" complaint does not distinguish between the statements he considers to be based on "information and belief" and those based on firsthand knowledge, the Magistrate Judge concludes that Plaintiff's verification statement fails to comport with the requirement on summary judgment that a supporting affidavit or declaration be "made on personal knowledge." Fed. R. Civ. P. 56(c).[1] Thus, Plaintiff's "verified" complaint does not constitute admissible evidence showing there is a genuine issue of material fact for trial on Plaintiff's Eight Amendment claim.

In contrast, the evidence Defendant submitted in support of his motion for summary judgment consists of video recordings of the April 26, 2019 use of force incident and sworn declarations from Defendant himself and other corrections officers. The Magistrate Judge explains that this evidence "shows that the uses of force by defendant occurred in response to plaintiff's failure to obey direct orders of the corrections officer"[2] and notes that Plaintiff "has not

---

[1] "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c).

[2] The Magistrate Judge summarizes Defendant's evidence as follows: (1) Defendant was notified that Plaintiff was masturbating on a corrections officer; (2) Defendant arrived at Plaintiff's cell and ordered

2

introduced any evidence to counter the video and declarations showing that defendant's use of force was reasonable." (Doc. 39 at PageID 251, 252). The follow-up medical report did not substantiate a wrist or head injury, which likewise undercuts Plaintiff's allegation of excessive force. (*Id.* at PageID 253 (citing Doc. 34-2 at PageID 194–985)). Based on these undisputed facts, the Magistrate Judge concludes that Defendant's use of force does not rise to a level sufficient to sustain Plaintiff's Eighth Amendment claim. (*Id.* at PageID 253).

Plaintiff's objections fall in three buckets. Plaintiff states generally that the Magistrate Judge's assessment of the facts is wrong. (Doc. 40 at PageID 257 ("completely inappropriate and not based on facts"); at PageID 260 ("completely wrong, is not right at all"); at PageID 261 ("its (sic) safe to say that the Magistrate Judge has lied on Plaintiff in this matter")). A general disagreement with the conclusions contained within the R&R, however, is insufficient to direct the Court's attention to a specific issue within the recommended action. Thus, it is not an "objection" as contemplated by the statute. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the [M]agistrate[ Judge]'s report has the same effects as would a failure to object."). Plaintiff's generalized statements, then, warrant no further discussion.

Plaintiff argues that the Magistrate Judge was bound to accept as evidence in support of summary judgment the facts alleged in his "verified" complaint, citing *Cobell v. Norton*, 310 F.

---

him to "cuff up;" (3) Plaintiff eventually complied after several direct orders; (4) Defendant began to escort Plaintiff to the segregation (J2) unit; (5) On the way to J2, Plaintiff turned toward Defendant, used obscene and aggressive language, and said he would not go to the segregation unit; (6) Defendant forced Plaintiff against the wall to gain better control over him; (7) Defendant escorted Plaintiff down the hall to J2 using a procedural escort technique; (8) Once there, Defendant pushed Plaintiff into the J2 strip cage where Plaintiff refused Defendant's orders to face the wall; (9) Plaintiff eventually complied with Defendant's orders. (Doc. 39 at PageID 248–49).

Supp. 2d 77 (D.D.C. 2004). But the Magistrate Judge cites *Cobell* for the exact opposite proposition (*see* Doc. 39 at PageID 249), and correctly so. An unsworn declaration, certificate, verification, or statement may, under 28 U.S.C. § 1746, substitute for a sworn statement and support the matter asserted so long as the unsworn declaration, certificate, verification, or statement is executed "under penalty of perjury." *Cobell*, 310 F. Supp. 2d at 84–85. The defendant in *Cobell*, though, sought to provide instead certifications based only on "knowledge, information, and belief" rather than "under penalty of perjury." *Id.* at 85. Consequently, these certifications were rejected by the trial court and not considered when ruling on a motion for preliminary injunction. *Id.* As explained by the Magistrate Judge, and as this Court can read for itself, Plaintiff's verification of his complaint is similarly qualified:

> I have read the foregoing complaint and herby verify that the matters alleged therein are true, **except as to matters alleged on information and belief, and, as to those I believe them to be true**. I certify under penalty of perjury that the foregoing is true and correct.

(Doc. 1 at PageID 7). Because Plaintiff fails to distinguish between matters of which he has firsthand knowledge and matters he "believes" to be true, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff's verification is not admissible evidence that can be considered either in support of his motion for summary judgment or in opposition to Defendant's.

Finally, Plaintiff makes multiple references to the video recordings of the April 26, 2019 use of force incident, recordings that he himself has not seen (*see* Doc. 40 at PageID 261), that will "prove" his case. They do not, as the Magistrate Judge discusses at length. (Doc. 39 at PageID 251–52). Having also studied the videos, this Court wholeheartedly agrees: these recordings *refute* rather than support the allegations in Plaintiff's complaint.

### III. CONCLUSION

Based on the foregoing and after a de novo review, the Court **OVERRULES** Plaintiff's objections and **ACCEPTS and ADOPTS** the Magistrate Judge's December 9, 2020 R&R (Doc.

39) in its entirety.  Accordingly, Plaintiff Jermeal White's Motion for Summary Judgment (Doc. 23) is **DENIED** and Defendant Corrections Lieutenant David Dunlap's Motion for Summary Judgment (Doc. 34) is **GRANTED**.  Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES**, for the reasons expressed here as well as in the R&R, that an any appeal of this Order would not be taken in good faith.  See *McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).  Finally, this case is **CLOSED** and **TERMINATED** from the Court's docket.

    **IT IS SO ORDERED**.

        /s/ *Michael R. Barrett*
        Michael R. Barrett, Judge
        United States District Court